IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20274
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAFAEL PARDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-405-1
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Rafael Pardo appeals his guilty-plea conviction and sentence for conspiracy and aiding and abetting to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 & 846, and 18 U.S.C. § 2. Pardo argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), 21 U.S.C. § 841 is unconstitutional. Pardo acknowledges that this court has rejected his argument and asserts that he raises the issue solely to preserve it for possible Supreme Court review. As Pardo concedes, the constitutionality of 21 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 841 has been upheld by this court.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

Pardo also argues that this court should remand his case to the district court with instructions to "correct" the judgment to reflect the district court's post-sentence remission of the $200 special assessment.  The district court's post-sentence order remitting the special assessment effectively revised the judgment of sentence.  The entry of a revised judgment to reflect the post-sentence order is therefore unnecessary and does not require this court's intervention.

AFFIRMED.